**EUTOPIA REALTY, Inc et v CLEVELAND HEIGHTS (city) et**

Ohio Common Pleas, Cuyahoga Co

Decided June 28, 1938

Edgert & Edgert, Cleveland, for plaintiffs.

George E. Hartshorn, City Solicitor, Cleveland, and Pelton & Wilson, Cleveland, for defendants.

## OPINION

By HURD. J.

This is an action by the plaintiffs against the City of Cleveland Heights, Ohio, and its building commissioner, praying for a mandatory order commanding the defendants to grant a permit for the erection of a gasoline drive-in service station at their property situated at the southwest corner of Lee and Essex Roads, Cleveland Heights, Ohio. An extended hearing has been had and the court has viewed the property in company with counsel.

In considering this matter it is our view of the law that it is not the province of the court to substitute its judgment for that of the legislative body, namely, the council, in this case; that where a comprehensive zoning ordinance has been enacted by the city for the benefit of the inhabitants of the city as a whole to protect and preserve the health, safety and general welfare of the citizens that the ordinance as a whole should be sustained. We are of the opinion that the general zoning ordinance of the City of Cleveland Heights is a valid enactment, the primary purpose of which is the protection of the health, safety and general welfare of the citizens of the city. Where a question exists such as the question presented in the instant case we believe the law to be that if it is fairly debatable whether the municipality's action is unreasonable, arbitrary or unequal the court is bound by the decision of the zoning commission and the council. It is only where there appears to be a manifest abuse of discretion that the court is warranted in giving relief to the applicant.

After a very full and careful consideration of the facts in this case and an examination of the property in question we are of the opinion that this is a case where the city by its refusal to grant the permit insofar as the property in question is concerned is acting in an arbitrary, unequal and unreasonable manner and that its action insofar as it applies to this particular property cannot reasonably be said to be for the benefit of the health, morals and general welfare of the community.

An examination of the map, or better still, an examination of the property in question will disclose the obvious reasons for this conclusion.

Lee Road is a north and south main thoroughfare, extending from Euclid Avenue many miles to Broadway Avenue and Maple Heights Village. The property in question is located at the southwest corner of Lee Road and Essex Road. An examination of the zoning map discloses that commencing at the intersection of Lee Road and Superior Road local retail stores, termed under the ordinance "U4 Use", extend from that point on both sides of Lee Road to Washington Boulevard, a distance of approximately 1600 feet. From that point to the intersection of Essex Road on the westerly side of Lee Road there are commercial buildings, under what is known as "U5 Use", extending for a distance of approximately 2200 feet from where the "U4 Use" terminates. On the easterly side of Lee Road, extending to Dellwood Road, the zoning is for commercial buildings, under what is termed an "U5 Use", and this extends a distance of approximately 2450 feet.

An analysis of these facts will show that the commercial "U5 Use" is permitted up to but not including plaintiffs' property on the southwest corner of Essex and Lee Road. The property on the northwest corner of Essex and Lee Road is occupied by a gas station, and this use was changed by the city to an "U5 Use", May 20, 1935. On the easterly side of the road the "U5 Use" extends in a southerly direction beyond the plaintiffs' property, and a very significant feature to which the court attaches great importance is that parts of this property on the easterly side of Lee Road were changed to an "U5 Use", on July 20th, something over a year after the property at the northwest corner of Lee Road and Essex Road was changed to an "U5 Use". Directly opposite plaintiffs' property, in an easterly direction, at the corner of Silsby Road and Lee Road is an "U5 Use", occupied by stores; diagonally to the northeast of plaintiffs' property is an "U5 Use", occupied by stores, this being on the northeast corner of Silsby Road; directly opposite to the north is an "U5 Use" occupied by the gas station aforesaid; diagonally to the southeast is an "U5 Use" consisting of three lots which are vacant. The net result of this is to surround the property of the applicants with an "U5 Use" while restricting the plaintiffs to an "U2 Use", which may

be used and occupied only for residence purposes.

Our conclusion, therefore, is that the zoning restrictions as applied to the property of plaintiffs, for all practical purposes, amount to confiscation without any resultant benefit to the health, morals or general welfare of the community.

Counsel for defendants argue that there must be a "stopping point" somewhere. With this statement we fully agree. But our conclusion is that in fixing a "stopping point" the city may not act in an arbitrary, unreasonable, unequal and discriminatory manner. While it is not our province to substitute our judgment for that of the council, still we believe in view of the action of council in changing the property on the east side of Lee Road to an "U5 Use" up to Dellwood Road, beyond the location of the plaintiffs' property, that a reasonable exercise of the police power would be to extend the "U5 Use" to Corydon Road,—which is diagonally opposite Dellwood Road on the west side of Lee Road.

Defendants seem to rely principally upon the decision of the Supreme Court in the case of **State ex Clifton Highland Company v City of Lakewood, 124 Oh St 399,** sustaining the decision of the Court of Appeals reported in **41 Oh Ap 9,** with a lengthy opinion. In that case the court while holding that the zoning ordinance of the City of Lakewood was a valid exercise of police power, stated in paragraph 2 of the syllabus:

"Introduction of business buildings in residential districts changes character of use of real estate in such a way as to affect public health, safety, and general welfare."

This case was decided upon an agreed statement of facts. It is clear to this court that this case is clearly distinguishable from the facts in the instant case for in the instant case we have an application for the introduction of a business building in what is now by reason of the action of council a business district.

We hold that it is discriminatory for council to change the zoning immediately surrounding the applicants' property to a business district and to deny the same to the applicants. The claim that such a change in the character of the use of the real estate would affect injuriously the public health, safety and general welfare is no

longer tenable when the city has by its own action changed the character of use of the property immediately surrounding the property of the plaintiffs. Such an argument fails by its own weight by reason of the action of the council itself. By their action they have made the property of the plaintiffs valueless for any purpose other than the purpose for which the surrounding property is used.

Holding the opinion that this is a clear case wherein the action of the municipality insofar as it relates to this particular property in question is an abuse of discretion, the writ is allowed.